# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

BRENDA OLLIE,                 )
                                   )
           Plaintiff,             )
                                     )
      v.                          )         Case No. 4:23-cv-01712-MTS
                                     )
MISSOURI DEPARTMENT OF      )
MENTAL HEALTH,           )
                                     )
           Defendant.        )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Brenda Ollie brings this action for employment discrimination against her current employer, the Missouri Department of Mental Health. The matter is now before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Having reviewed the Application and the financial information submitted in support, the Court will grant the Application and waive the requirement to prepay the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). But because Plaintiff's action fails to state a claim on which relief may be granted, the Court will dismiss the case. *Id.* § 1915(e)(2)(B)(ii). In addition, the Court will deny Plaintiff's Motion for Appointment of Counsel as moot. Doc. [3].

### The Complaint

Plaintiff filed this action against Defendant the Missouri Department of Mental Health (DMH) pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.* She indicates in the charge of discrimination attached to her Complaint that she is

currently employed at DMH, and she is suing Defendant DMH for harassment/hostile work environment and retaliation.

Plaintiff has failed to fill out the "Statement of Claim" portion of her Complaint; she left the entire page-and-a-half blank. In the charge of discrimination attached to her Complaint,[*] Plaintiff states that she was hired by DMH on April 22, 1996, as an Activity Aid III. She states that her job title changed to Senior Therapeutic Worker approximately three years ago, and on or about October 4, 2022, she opposed what appeared to be racial discrimination by her supervisor. Plaintiff, nevertheless, does not indicate her race, state whether the discriminatory event occurred to her or another employee, or provide any information about the alleged discriminatory event.

Plaintiff alleges in her charge that starting on or about October 10, 2022, she was removed from her normal job duties as a Senior Therapeutic Worker and assigned to a lesser paying, less desirable position because of her opposition to alleged discrimination. Plaintiff indicates that she was returned to her department on or about November 28, 2022. She does not explain if she was employed as a Senior Therapeutic Worker or placed in another position in November of 2022. She states only that when she was returned to her department, her supervisor, whom she does not identify, did not want her there.

Plaintiff alleges in her charge of discrimination that after returning to her department her supervisor issued her a disciplinary action "concerning [Plaintiff's] opposition to discrimination, as well as other fabricated issues that were irrelevant prior to [her] opposition." Plaintiff, who indicates DMH still employs her, noted that her supervisor still "continues to

---

[*] Pursuant to Federal Rule of Civil Procedure 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

harass" Plaintiff and "denied [her] a promotion." However, Plaintiff has not elaborated on her claims, *i.e.*, she has not indicated what the alleged harassment entails or the position to which the supervisor failed to promote Plaintiff. Plaintiff additionally has failed to complete the "Request for Relief"portion of her Complaint. *See* Fed. R. Civ. P. 8(a). She has not asked for any remedy from the Court.

Lastly, the Court notes that on December 29, 2023, plaintiff submitted thirty-nine (39) pages of what appears to be discovery in this matter. Doc. [4]; *see also* Fed. R. Civ. P. 26(a)(1). The Court will not consider these documents in its determination of whether Plaintiff has failed to state a claim on which relief may be granted. *Cf.* Fed. R. Civ. P. 12(d). Unlike the exhibits to Plaintiff's Complaint, these additional documents are not part of the Complaint. *See* Fed. R. Civ. P. 10(c). Plaintiff should not even have filed these documents. *See* Local Rule 3.02(A). Thus, the Court will not go through them in an attempt to craft a claim for Plaintiff. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that, even for pro se litigants, a court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

### Discussion

As the Court noted above, Plaintiff's Complaint is completely devoid of any factual assertions relative to the alleged discrimination, retaliation and/or harassment at DMH, as she has failed to fill in her "Statement of Claim" section of her Complaint. Additionally, Plaintiff has failed to indicate whether the purported discriminatory event she refers to in her charge of discrimination happened to her or another individual. Furthermore, Plaintiff failed to indicate the basis of the discrimination.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that he or she: (1) is a member of a protected class; (2) was meeting his or her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his or her protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013).

In the Complaint, Plaintiff does not allege that she was discriminated against based on any of the Title VII protected classes. In fact, Plaintiff never specifies her own race, nor does plaintiff allege membership in *any* protected class. Plaintiff never details any disparate treatment, and the Complaint is devoid of any allegations that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. To the extent Plaintiff believes she was retaliated against based on a protected class (pursuant to Title VII), she never even hints at what the alleged retaliation was or when it occurred. Nor did Plaintiff describe, in any way, how she was subjected to a hostile work environment.

But even if Plaintiff did plead facts showing a Title VII violation, Plaintiff makes no request for relief. Like she did with multiple other sections of the Complaint, she left the relief section completely blank. A pleading does not state a claim for relief if, like Plaintiff's, it lacks "a demand for the relief sought." Fed. R. Civ. P. 8(a); *see also Corrado v. Life Invs. Ins. Co. of Am.*, 878 F.3d 648, 655 (8th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(3)). Plaintiff's Complaint is so bare that the Court cannot even perceive the "basic tenor of [it]" to speculate on what Plaintiff seeks. *See Joyner v. McClellan*, 396 F. Supp. 912, 913 (D. Md. 1975) (noting

that, though the pro se plaintiff "nowhere clearly set forth the nature of the relief sought," a liberal reading of the complaint made "it appea[r] that the basic tenor of the complaint [wa]s a demand for injunctive relief").

The Court is cognizant that it must liberally construe Plaintiff's pro se Complaint and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But the Court cannot even discern the essence of Plaintiff's Complaint; the Court cannot construe the Complaint in a way that permits Plaintiff's claims to be considered within the proper legal framework. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Plaintiff's Complaint altogether fails to state a claim on which relief may be granted. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")). Therefore, the Court must dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing district courts "shall" dismiss a "case" if, at any time after granting a plaintiff leave to proceed without prepayment of fees, the court determines that "the action" fails to state a claim on which relief may be granted); *accord Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) ("A district court shall dismiss an in forma pauperis complaint if the action . . . fails to state a claim upon which relief may be granted . . . .").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**. *See id.* § 1915(e)(2)(B)(ii). An Order of Dismissal will be filed herewith dismissing this case without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** as moot.

Dated this 29th day of February 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE